# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JUAN M. CASTILLO,

       Petitioner,

vs.

E.K. McDANIEL, *et al.*,

       Respondents.

3:05-cv-0366-RLH-RAM

**ORDER**

       This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner who is represented by counsel. This matter comes before the Court with respect to the merits of the remaining grounds of the second amended petition.

**I.    Background**

       Petitioner was convicted, after a jury trial, of murder with the use of a firearm and/or to promote gang activity. (Exhibit 61).[1] Petitioner was sentenced to life without the possibility of parole and a consecutive life sentence without the possibility of parole for the use of a deadly

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #18, 19, 20, and 21 in case 3:02-cv-0415-DWH-RAM, and Docket #5 and #40 in case 3:05-cv-0366-RLH-RAM.

weapon. (Exhibit 65). Petitioner's judgment of conviction was entered on July 24, 1996. (Exhibit 65). Petitioner filed a notice of appeal and was appointed counsel on appeal. (Exhibits 66 and 67). On July 28, 1998, the Nevada Supreme Court entered an order dismissing the appeal. (Exhibit 72). Petitioner filed a post-conviction habeas petition in the state district court on July 12, 1999. (Exhibit 80). Petitioner was appointed counsel to represent him in the post-conviction litigation. (Exhibit 81). On October 20, 2000, the district court held a hearing on the post-conviction habeas petition. (Exhibit 85). The state district court denied the petition. On November 29, 2000, the court filed findings of fact, conclusions of law, and order denying the petition. (Exhibit 88). Petitioner appealed the denial of his state habeas petition and was appointed counsel on appeal. (Exhibit 86, 89, and 91). The Nevada Supreme Court filed its order of affirmance on July 10, 2002. (Exhibit 96). Remittitur issued on August 14, 2002. (Exhibit 97).

Petitioner filed a federal petition in this court, under the case number 3:02-cv-415-DWH-RAM. This Court found certain grounds of the petition to be unexhausted. (Docket #29 in 3:02-cv-415-DWH-RAM). Petitioner returned to state court to exhaust his unexhausted grounds. (Docket #30 in 3:02-cv-415-DWH-RAM). The Nevada Supreme Court filed its order of affirmance on April 5, 2005. (Exhibit 101). This action was reopened under the above-captioned case number, 3:05-cv-0366-RLH-RAM. (Docket #2 in 3:05-cv-0366-RLH-RAM). The second amended petition was filed on July 27, 2005. (Docket #3).

On September 29, 2006, this Court dismissed Grounds 5, 6, 8(a)(2), 8(a)(3), 8(a)(4), 8(a)(5), 8(a)(6), 8(a)(7), 8(a)(8), 8(a)(9), 8(b), 8(c), 8(e), 8(f), 8(g), 8(h), 8(I), 8(j), 9(d), 9(e), 9(f), 9(g), 9(h), 9(I), 10, 11, 12, 13, 14, 15, and 16 of the second amended petition, as the Court determined that the claims were procedurally defaulted. (Docket #22). Respondents were directed to answer the remaining grounds in the second amended petition, including Ground 1, Ground 2, Ground 3, Ground 4, Ground 7, Ground 8(a)(1), Ground 8(d), and Grounds 9(a), (b), and (c).

1  (Docket #24). The answer was filed on March 31, 2008. (Docket #30). Petitioner filed a reply on
2  August 14, 2008. (Docket #40).

3  **II.     Federal Habeas Corpus Standards**

4  The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. §
5  2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

3

principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III.   Discussion

####   A.   Ground 1

Ground 1 of the second amended petition states:

> The trial court improperly denied Mr. Castillo's motions to continue trial for one day at the beginning of trial and for a brief continuance prior to beginning the penalty phase of the trial. As a result, Mr. Castillo is in custody in violation of his right to due process and a fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

(Docket #3 in 3:05-cv-0366-RLH-RAM, at p. 9). This ground was presented to the Nevada Supreme Court on direct appeal. The Nevada Supreme Court held:

> First, Castillo, argues that the district court abused its discretion in denying his motion for a twenty-four hour continuance. Castillo sought the continuance on the day of trial because the defense attorney scheduled to conduct voir dire was unexpectedly called out of town. The district court is accorded wide discretion in determining whether to grant a continuance. See Doyle v. State, 104 Nev. 729, 731, 765 P.2d 1156, 1157 (1988). We conclude that the district court did not abuse its discretion in concluding that co-counsel for Castillo was capable of performing the voir dire competently. Footnote 1: Castillo also argues that the denial of a continuance prior to the penalty hearing was error. Castillo offers no authority for his argument that the jury

> should have a "cooling off" period, and we conclude that it is without merit.

(Exhibit 72, at p. 1). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 1.

**B. Ground 2**

Ground 2 of the second amended petition states:

> Evidence produced at trial was insufficient to support a finding of first degree murder, depriving Mr. Castillo of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

(Docket #3, at p. 11). This ground was presented to the Nevada Supreme Court on direct appeal. The Nevada Supreme Court held:

> Second, Castillo argues that there was insufficient evidence to support the jury's verdict of first-degree murder. The standard of review for an appeal based on sufficiency of the evidence is:
>> whether, after view the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); Hern v. State, 97 Nev. 529, 531, 635 P.2d 278, 279 (1981).
>
> Koza v. State, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984). After reviewing the record on appeal, we conclude that a rational trier of fact could have found that Castillo was guilty beyond a reasonable doubt of first-degree murder with the use of a deadly weapon.

(Exhibit 72, at pp. 1-2). The Nevada Supreme Court applied the appropriate federal standard for sufficiency of the evidence claims. This Court has reviewed the state court record, including the

5

1  evidence offered at trial, and will not disturb the ruling of the state court. The factual findings of the
2  state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of
3  proving that the state court's ruling was contrary to, or involved an unreasonable application of,
4  clearly established federal law, as determined by the United States Supreme Court, or that the ruling
5  was based on an unreasonable determination of the facts in light of the evidence presented in the
6  state court proceeding. This Court will deny habeas relief as to Ground 2.

**C. Ground 3**

Ground 3 of the second amended petition states:

> The reasonable doubt instruction given during the trial improperly minimized the State's burden of proof. As a result, Mr. Castillo's conviction and sentence are invalid under the federal constitutional guarantees of due process under the Fifth and Fourteenth Amendments to the United States Constitution.

(Docket #3, at p. 14). This ground was presented to the Nevada Supreme Court on direct appeal. The reasonable doubt instruction at issue was specifically upheld by the Ninth Circuit in *Ramirez v. Hatcher*, 136 F.3d 1209 (9th Cir. 1998). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 3.

**D. Ground 4**

Ground 4 of the second amended petition states:

> The instruction defining malice created an improper presumption, thus minimizing the State's burden of proof. As a result of the erroneous instruction, Mr. Castillo's conviction and sentence are invalid under the federal constitutional guarantees of due process under the Fifth and Fourteenth Amendments to the United States Constitution.

(Docket #3, at p. 16). This ground was presented to the Nevada Supreme Court on direct appeal. (Exhibit 72, at p. 3, n.4). The instruction that petitioner challenges is the following:

6

> Express malice is that deliberate intention to unlawfully take away the life of a fellow creature, which is manifested by external circumstances capable of proof.
>
> Malice shall be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart.

(Exhibit 56, Instruction No. 7).  The instruction is consistent with the NRS 200.020 definition of malice.  Petitioner claims that the instruction on implied malice was a presumption that should have conformed to the strictures of NRS 47.230.  Petitioner claims that the trial could should have gave a limiting instruction in accordance with NRS 47. 230.  The Nevada Supreme Court addressed the issue as follows:

> Castillo also contends that the district court's instructions on malice and premeditation were error.  This court, in Doyle v. State, 112 Nev. 879, 921 P.2d 901 (1996), specifically addressed and rejected these contentions.  We note that Doyle was available at the time of Castillo's opening brief was filed, and we expect that counsel for Castillo will cite Doyle as contrary authority if similar contentions are placed before this court in the future.  SCR 172(c).

(Exhibit 72, at p. 3, n.4).

In *Cordova v. State*, 116 Nev. 664, 6 P.3d 481 (2000), the same implied malice instruction was challenged.  In finding that the instruction was not given in error, the Court held:

> The instruction uses the language provided in NRS 200.020(2), and this court has upheld use of the instruction where the jury is properly instructed on the presumption of innocence and the State's burden to prove beyond reasonable doubt every element of the crime is charged (citing Doyle v. State, 112 Nev. 879).  The jury was so instructed here.  Therefore, no error occurred at all.

*Cordova v. State*, 6 P.3d at 483.  As in *Cordova,* petitioner's jury was properly instructed on the presumption of innocence and the State's burden to prove beyond a reasonable doubt every element of the crime charged.  In the instant case, the district court gave the following instruction to the jury: "Every person charged with the commission of a crime shall be presumed innocent unless the contrary is proved by competent evidence beyond a reasonable doubt."  (Exhibit 56, Instruction 25).  The district court also gave this instruction to the jury: "The burden rests upon the prosecution to

establish every element of the crime with which the defendant is charged, and every element of the crime must be established beyond a reasonable doubt." (Exhibit 56, Instruction 26).

Petitioner was convicted of first degree murder. (Exhibit 61). Under Nevada law, the jury must have found beyond a reasonable doubt that petitioner murdered the victim deliberately, willfully, and with premeditation. These elements of the crime established express malice as defined by NRS 200.020. Therefore, the implied malice could not have violated petitioner's due process rights. Moreover, even assuming that the instruction was erroneous, any possible error was corrected by the other instructions, including the instruction on the presumption of innocence and the instruction that required the state to prove every element of the crime beyond a reasonable doubt. (Exhibit 56, at Instructions 25 and 26).

Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 4.

**E.  Ground 7**

Ground 7 of the second amended petition states:

> Two consecutive sentences of life without the possibility of parole imposed on a fifteen-year-old for murder constitutes cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

(Docket #3, at p. 20). This ground was presented to the Nevada Supreme Court on direct appeal. The Nevada Supreme Court found and held:

> Fourth, Castillo, who was fifteen years old at the time of the murder, argues that the sentence imposed amounts to cruel and unusual punishment pursuant to the United States and Nevada Constitutions. We conclude that Castillo's reliance on Naovarath v. State, 105 Nev. 525, 779 P.2d 944, 946 (1989), is misplaced. The appellant in Naovarath was only thirteen years old at the time he committed his crimes. Although this is a difference of only about two years, we

8

> conclude that this is a significant period of time developmentally. (Footnote 2: The significance of this age difference is reflected, for example in NRS 194.010(2), which provides that children between the ages of eight years and fourteen years are not liable to punishment "in the absence of clear proof that at the time of committing the act charged against them they knew its wrongfulness."). We conclude that the considerations that led this court to reverse Naovarath's sentence simply are not present in this case.

(Exhibit 72, at pp. 2-3). A sentence violates the Eighth Amendment if it is grossly disproportionate to the crime. *Solem v. Helm*, 463 U.S. 277, 296-97 (1983). A punishment is unconstitutional if the "evolving standards of decency that mark the progress of a maturing society" soundly reject it. *Trop v. Dulles*, 356 U.S. 86, 101 (1958). In ruling that the execution of persons who were 18 years of age at the time of their capital crimes is prohibited by the Eighth Amendment, the United States Supreme Court stated that the "Eighth Amendment's prohibition against 'cruel and unusual punishments' must be interpreted according to its text, by considering history, tradition, and precedent, and with due regard for its purpose and function in the constitutional design." *Roper v. Simmons*, 543 U.S. 551, 559 (2005). Petitioner was convicted of first degree murder with the use of a deadly weapon for the death of a twelve-year-old victim. Petitioner was sentenced by the jury to life without the possibility of parole for murder, and the same term for his use of a deadly weapon. Petitioner's sentence was within the acceptable statutory range of punishment for murder. Petitioner has cited no legal authority that such a sentence is cruel and unusual punishment for a fifteen-year-old.

The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 7.

### F. Ground 8(a)(1)

Ground 8(a)(1) of the second amended petition states: "(A) Trial counsel failed to investigate the case fully before the trial in order to develop a defense and defense witnesses. . . . (1) Failure to investigate Falicia Duran's testimony regarding a prior shooting incident." (Docketed #3, at p. 22). (Docket #3, at p. 22).

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary

to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

This ground was presented to the state district court in petitioner's post-conviction habeas petition, and the district court denied the petition. (Exhibit 88). In affirming the state district court's denial of this claim, the Nevada Supreme Court found and held:

> First, Castillo contends, by inference, that Duran's recantation of her trial testimony and statements to the police is sufficient new information to warrant reversal of his conviction. We disagree.
>
> In her statements to the police, Duran identified Castillo as the person who fired shots at a car containing rival gang members days before the confrontation at Horseman's Park. During the Petrocelli hearing and at trial, Duran stated that she didn't actually see Castillo fire any shots, but she heard shots and saw Duran at the scene. She said she didn't tell the police the truth, and that she had been told by a third person that Duran fired the shots. Her previous statements to the police were admitted at the hearing and the trial as prior inconsistent statements.
>
> At the evidentiary hearing on the post-conviction petition, Duran stated that she made up her statements and trial testimony because a rival gang threatened her. She testified they wanted her to make up a story to make Castillo look bad. The district court rejected this testimony. The district court noted that Duran was a friend of Castillo's and had always been a hostile witness. Moreover, she stated the threats took place before the incident at Horseman's Park, so her story was internally inconsistent. We find substantial evidence supports the district court's conclusion that Duran was not telling the truth at the evidentiary hearing and that this information did not warrant a new trial.
>
> As to the issues of ineffectiveness of trial counsel, to state a claim for ineffective assistance of trial counsel sufficient to invalidate a judgment of conviction, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that counsel's errors were so severe that they rendered the jury's verdict unreliable. (Footnote 3). The court need not consider both prongs of the Strickland test if the petitioner makes an insufficient showing on either prong. (Footnote 4).
>
> Castillo argues that trial counsel were ineffective where they failed to conduct adequate pretrial investigation regarding the proposed testimony of Duran. Castillo asserts that if adequate investigation had occurred regarding Duran's testimony, Castillo would have been able

11

>to conduct a more competent cross-examination of Duran. Moreover, Castillo argue that adequate pretrial investigation would have revealed that Duran was prevaricating in response to threats from rival gang members.
>
>The record belies Castillo's arguments that trial counsel was ineffective for failing to investigate the nature of Duran's testimony. While this court has concluded that "[a]n attorney must make a reasonable investigation in preparation for trial or a reasonable decision not to investigate," (Footnote 5), the record indicates that defense counsel had reasonable opportunity to investigate the nature of Duran's proposed testimony. The district court found that counsel extensively cross-examined Duran at both the Petrocelli hearing and at trial. Duran admitted on cross-examination that she didn't really see the previous shooting incidents but learned the details from a third party. Moreover, Duran did speak with counsel but did not indicate to either the State or defense counsel that she was inventing testimony under threat from rival gang members. Finally, Duran stated at the evidentiary hearing that the reason she was coming forward now was that she was moving and no longer feared the alleged threats. Thus, the district court did not err in dismissing this claim.

(Exhibit 96, at pp. 6-8). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 8(a)(1).

**G. Ground 8(d)**

Ground 8(d) of the second amended petition states: "Trial counsel failed to consult with co-counsel before stipulating to the admission of a map drawn by Mr. Castillo depicting his movements during the shooting incident." (Docket #3, at p. 31). This ground was presented to the state district court in petitioner's post-conviction habeas petition, and the district court denied the petition. (Exhibit 88). In affirming the state district court's denial of this claim, the Nevada Supreme Court found and held:

>Next, Castillo claims that trial counsel was ineffective because he failed to consult with co-counsel before stipulating to evidence of a map drawn by Castillo depicting events and locations of individuals at

12

> Horseman's Park on the day of the fatal shooting. Castillo drew a map at the request of trial counsel so that counsel could use it in requesting a jury view of the scene. The map was found in Castillo's cell.
>
> Trial counsel stipulated to the admission because the map permitted Castillo to demonstrate where he was on the day of the shooting without necessarily having to take the witness stand. In hindsight, given the extensive use that the State made of the map, he would not have entered into the stipulation and would have objected to its admission as attorney work product. He also indicated that although he did not discuss it with co-counsel, co-counsel did not raise any specific objections to its admission when he found out about the stipulation, just that he was miffed that he was not consulted.
>
> Trial counsel made a strategic decision to admit the map, and co-counsel indicated at the evidentiary hearing that he had no real objection at the time other than his consternation at not being consulted. The district court did not err in finding this to be a reasonable strategic decision and rejecting Castillo's ineffective assistance of counsel claim on this ground.

(Exhibit 96, at pp. 8-9). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 8(d).

### H. Grounds 9(a) and 9(b)

Ground 9(a) of the second amended petition states: "Appellate counsel failed to raise the improper admission of evidence regarding a prior shooting incident." (Docket #3, at p. 34). Ground 9(b) of the second amended petition states: "Appellate counsel failed to appeal district court's error in failing to declare a mistake due to improper prosecutorial misconduct during closing argument." (Docket #3, at p. 35).

The *Strickland* standard applies to challenges of effective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

Grounds 9(a) and 9(b) were presented to the state district court in petitioner's post-conviction habeas petition, and the district court denied the petition. (Exhibit 88). In affirming the state district court's denial of these claims, the Nevada Supreme Court found and held:

> Next, appellant Castillo raises four claims of ineffective assistance of appellate counsel. "A claim of ineffective assistance of appellate counsel is reviewed under the 'reasonably effective assistance' test set forth in Strickland v. Washington, 466 U.S. 688 (1984). (Footnote 13). Appellate counsel is not required to raise every non-frivolous issue on appeal. This court has held that appellate counsel will be most effective when every conceivable issue is not raised on appeal. "To establish prejudice based on the deficient assistance of appellate counsel, the defendant must show that the omitted issue would have a reasonable probability of success on appeal." (Footnote 16).
>
> Castillo's first and second claims of appellate counsel error involve the failure to raise the admissibility of Duran's testimony and the failure to challenge the prosecutor's remarks concerning Ojeda's testimony on appeal. As we have previously concluded that the trial counsel did not err in admitting Duran's testimony and prior police statements, this issue did not have a probability of success on appeal, and the district court did not err in dismissing this claim. The same rationale applies to prosecutor's remarks regarding Ojeda. The remarks were not improper, therefore, the issue would not have had a reasonable probability of success on appeal and the district court properly dismissed this claim.

(Exhibit 96, at pp. 12-13). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Grounds 9(a) and 9(b).

**I. Ground 9(c)**

Ground 9(c) of the second amended petition states: "Appellate counsel failed to appeal the improper comments of the trial court regarding the standard for reasonable doubt." (Docket #3, at p. 36). This ground was presented to the state district court in petitioner's post-conviction habeas petition, and the district court denied the petition. (Exhibit 88). In affirming the state district court's denial of this claim, the Nevada Supreme Court found and held:

> Finally, Castillo argues that appellate counsel was ineffective for failing to challenge the trial court's comments on reasonable doubt. As noted above, we conclude that the remarks were not error, or were harmless beyond a reasonable doubt. We conclude that Castillo has failed to meet his burden to establish sufficient prejudice to show that the omitted issue would have had a reasonable probability of success on appeal. (Footnote 19). Nor has Castillo demonstrated specific facts or other sources of evidence that demonstrate that appellate counsel's representation fell below an objective standard of reasonableness. (Footnote 20). Moreover, counsel's decision not to raise a potentially non-frivolous issue does not, in itself, rise to the level of ineffective assistance of appellate counsel. (Footnote 21).

(Exhibit 96, at pp. 13-14). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 9(c).

**IV.    Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

## V. Conclusion

**IT IS THEREFORE ORDERED** that the second amended petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**. Petitioner's request for an evidentiary hearing is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this   11th   day of         September        , 2009.

_____
ROGER L. HUNT
Chief United States District Judge